```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
   GI SPORTZ, INC. and
   GI SPORTZ DIRECT, LLC,         1:16-cv-07170-NLH-KMW

          Plaintiffs,              OPINION

     v.

   VALKEN, INC.,

          Defendant.
```

**APPEARANCES:**

```
JOHN M. HANAMIRIAN
HANAMIRIAN LAW FIRM PC
40 EAST MAIN STREET
MORRESTOWN, NJ 08057
     On behalf of Plaintiffs

ANTHONY J. DIMARINO, III
EMMETT STEPHAN COLLAZO
A.J. DIMARINO, III, PC
41 GROVE STREET
HADDONFIELD, NJ 08033
     On behalf of Defendant
```

**HILLMAN, District Judge**

This matter concerns claims for trade dress violations regarding the patterns on paintballs. Presently before the Court is the motion of Plaintiffs to strike all of Defendant's affirmative defenses. For the reasons expressed below, Plaintiffs' motion will be denied.

## BACKGROUND

Plaintiffs, G.I. Sportz, Inc. and GI Sportz Direct, LLC (hereinafter "GI"), claim that GI is the world's leading

provider of equipment and supplies to the paintball industry. GI owns a federal trademark registration, U.S. Reg. No. 3,049,101, which covers the trade dress of paintballs with "contrasting colors blended randomly together to form the appearance of a fanciful design on the surface of a paintball," called the "Marballizer" trade dress. The Marballizer trade dress has been in existence for over twenty years, and according to GI, in addition to being inherently distinctive, it has achieved a significant secondary meaning among dealers and consumers of paintballs, including an indication of high quality paintballs.

In the instant action, GI claims that Defendant, Valken, Inc., has infringed on GI's trade dress by manufacturing, marketing, and selling paintballs with the Marballizer design. Previously in September 2012, GI, formerly Kee Action Sports, sued Valken for the same conduct, but the parties settled their dispute in March 2014. See KEE ACTION SPORTS LLC et al. v. VALKEN INC., Civil Action 1:12-cv-06069-NLH-KMW. GI claims that Valken has resumed its infringement, and has breached their settlement agreement.

GI filed this action on October 13, 2016. On November 4, 4, 2016, Valken filed its answer, affirmative defenses, and counterclaims. On November 23, 2016, GI simultaneously filed a motion for preliminary injunction and a motion to strike

Valken's affirmative defenses. The Court heard GI's preliminary injunction motion on December 21, 2016, and granted GI's motion, ordering that Valken was enjoined throughout the United States from "making, having made, importing, advertising, distributing, offering and selling paintballs with a shell having the appearance of a marble, specifically, a surface design having contrasting colors blended randomly together." (See Docket No. 44, 49, 57.)

Thereafter, the case has proceeded through discovery and in March 21, 2017, the matter was referred to mediation. GI's motion to strike Valken's affirmative defenses remains pending. Valken has opposed GI's motion.

## DISCUSSION

### A. Subject matter jurisdiction

GI's trade dress infringement claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq., and GI's breach of contract, common law infringement, and unfair competition claims arise under New Jersey law. This Court has jurisdiction over GI's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over GI's state law claims under 28 U.S.C. § 1367.

### B. Standard for Motion to Strike Affirmative Defenses

In <u>Newborn Bros. Co., Inc. v. Albion Engineering Co.</u>, 299 F.R.D. 90, 93 (D.N.J. 2014), this Court set forth the standard for assessing a motion to strike a defendant's affirmative

3

defenses:

> Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule permits the Court to act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2).

> "[M]otions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case,'" United States v. Kramer, 757 F. Supp. 397, 410 (D.N.J. 1991) (citation omitted), but the Third Circuit has instructed that a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent," Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). In evaluating the adequacy of a defense, courts in this District have explained that "[a]n affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'" F.T.C. v. Hope Now Modifications, LLC, No. 09-1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011) (citing Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993)); see also Signature

4

Bank v. Check-X-Change, LLC, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013).

Courts have also observed that "'an affirmative defense can be stricken [on the basis of the pleadings alone] only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.'" Hope Now, 2011 WL 883202, at *1 (citing Tonka, 836 F. Supp. at 218). Importantly, "a motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact." Signature Bank, 2013 WL 3286154, at *2 (quoting Total Containment, Inc. v. Environ Products, Inc., No. 91-7911, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992)); see also In re Merck & Co., Inc. Vytorin ERISA Litig., No. 08-cv-1974, 2010 WL 2557564, at *2 (D.N.J. June 23, 2010) (citing Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1115 (D.N.J. 1991)).

The Court must also bear in mind that, generally, "motions to strike under Rule 12(f) are highly disfavored." Hope Now, 2011 WL 883202, at *1 (citing Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)("Because of the drastic nature of the remedy, ... motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'") (quoting Tonka, 836 F. Supp. at 218). Motions to strike are

5

viewed unfavorably because they are frequently brought by "the movant simply as a dilatory tactic." Hope Now, 2011 WL 883202, at *1 (citing Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2004) (recognizing that "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character").

"'[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.'" Hope Now, 2011 WL 883202, at *1 (citing Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 359 (D. Del. 2009)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2004) (explaining that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party"). The Court's determination on a "motion to strike under Rule 12(f) is discretionary." Hope Now, 2011 WL 883202, at *1; see also Signature Bank, 2013 WL 3286154, at *2 (observing that "'a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)'") (quoting Tonka, 836 F. Supp. at 218).

6

## C. Analysis

Valken has asserted nineteen affirmative defenses:

FIRST AFFIRMATIVE DEFENSE
(Failure to state a claim)
The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Trade Dress Invalidity)
The Trademark/trade dress listed as Registration No. 3,049,101 on the principal register maintained by the United State Patent and Trademark Office is invalid and unenforceable.

THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)
Plaintiffs are barred from bringing the claims asserted in this action and recovering any damages by the doctrine of unclean hands.

FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)
Plaintiffs are obligated under the law to mitigate their damages and have failed to do so.

FIFTH AFFIRMATIVE DEFENSE
(No infringement)
Plaintiffs' claims are barred because Valken did not, and does not, infringe Plaintiffs' trade dress as claimed by Plaintiffs.

SIXTH AFFIRMATIVE DEFENSE
(Estoppel and Waiver)
Plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

SEVENTH FIRST AFFIRMATIVE DEFENSE
(No Valid Trademark or Identifier of Origin)
Plaintiffs have no valid, protectable marks or origin-identifiers in which Plaintiffs enjoy any rights that may be asserted against Valken.

EIGHTH AFFIRMATIVE DEFENSE
(Functional)
The claims made in the Complaint, and the relief sought

therein, are barred, in whole or in part, on the basis that the alleged trade dress at issue, and the use of said trade dress, is functional.

NINTH AFFIRMATIVE DEFENSE
(Lack of Secondary Meaning and/or Distinctiveness)
The claims made in the Complaint, and the relief sought therein, are barred, in whole or in part, on the basis that the marks at issue lack distinctiveness, including, without limitation, secondary meaning.

TENTH AFFIRMATIVE DEFENSE
(Generic)
The trade dress claim made in the Complaint, and the relief sought therein, is barred, in whole or in part, on the basis that the alleged trade dress at issue is generic.

ELEVENTH AFFIRMATIVE DEFENSE
(Abandonment)
The trade dress claim made in the Complaint, and the relief sought therein, is barred, in whole or in part, on the basis that the alleged trade dress at issue is abandoned.

TWELFTH AFFIRMATIVE DEFENSE
(Acquiescence)
Plaintiffs are barred and estopped from asserting the trade dress against Valken under the doctrine of Acquiescence.

THIRTEENTH SEVENTH AFFIRMATIVE DEFENSE
(No Irreparable Harm)
Plaintiffs' claims for injunctive relief are barred because plaintiffs cannot show that it will suffer any irreparable harm from Valken's actions.

FOURTEENTH AFFIRMATIVE DEFENSE
(No Equitable Relief)
As a result of Plaintiffs' actions, Plaintiffs are not entitled to equitable relief, including but not limited to Plaintiffs' request for injunctive relief.

FIFTEENTH AFFIRMATIVE DEFENSE
(No Willful Infringement)
Plaintiffs' claims for enhanced damages and an award of fees and costs against Valken have no basis in fact or law and should be denied.

> SIXTEENTH AFFIRMATIVE DEFENSE
> (No Damages)
> Without admitting that the Complaint states a claim, there has been no damage in any amount or manner to Plaintiffs by reason of any act alleged against Valken in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.
>
> SEVENTEENTH AFFIRMATIVE DEFENSE
> (Adequate Remedy at Law)
> The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.
>
> EIGHTEENTH AFFIRMATIVE DEFENSE
> (Agreement)
> Plaintiffs' claims against Valken are barred because the instant matter has already been settled between the parties, for all material terms, by the owners of Plaintiffs and Valken.
>
> NINETEENTH AFFIRMATIVE DEFENSE
> (Laches)
> Plaintiffs' claims are barred, in whole or in part, by laches.

(Docket No. 12 at 10-14.)

GI argues that Affirmative Defenses 6, 11, 12, and 19 should be stricken because they are bare-bones assertions without any factual support. GI also argues that Affirmative Defenses 6, 12, and 19 should be stricken because the parties' settlement agreement bars those defenses. GI finally argues that Affirmative Defenses 5, 7, 9, 13, 14, 15, 16, and 17 are duplicative of Valken's denials in its answer.[1]

---

[1] GI does not specifically challenge Affirmative Defenses 1, 2, 3, 4, 8, 10, and 18.

In response to GI's motion, Valken argues that all of its affirmative defenses should remain because GI has not shown: (1) how its affirmative defenses cause GI prejudice, (2) that insufficiency of the affirmative defenses is clearly apparent, or (3) that the affirmative defenses will fail under the pled or inferable facts.  In the alternative, Valken seeks leave to amend its affirmative defenses if they are found to be deficient.

The Court finds that GI's motion over-reaches, and its arguments are better suited for resolution by way of a dispositive motion, such as Federal Civil Procedure Rules 12(c) or 56, rather than a motion to strike under Rule 12(f).  The Court finds that this is particularly true in the procedural posture of this case, where GI has already been provided with preliminary restraints against Valken, and the case has progressed over time.

According to Fed. R. Civ. P. 8(c), which is the Rule that governs affirmative defenses, "a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver."  The Rule does not

say that such affirmative defenses must be stated unless they are already contained in the parties' answer, or that they must be supported by factual allegations. Thus, Rule 8(c) requires Valken to assert those affirmative defenses listed if applicable, and Valken has properly done so in Affirmative Defenses 6 and 19.

Valken's other seventeen affirmative defenses meet the purpose of the requirement that a defendant must assert affirmative defenses in its answer – that is, to avoid surprise and undue prejudice to the plaintiff. See Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971); Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987) ("The central purpose of the Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.")) (other citations omitted).

Valken's Affirmative Defenses 2, 5, 7, 8, 9, 10, 11, 12, and 15 all put GI on notice regarding its defenses to GI's trade dress infringement and unfair competition claims, asserting that it did not infringe, unintentionally or willfully (Aff. Def. 5, 15), and that GI expressly or impliedly assured Valken that it

would not assert its trademark against Valken (Aff. Def. 12)[2].
More specifically, Valken asserts that GI's trade dress is not protectable (Aff. Def. 7) and invalid (Aff. Def. 2) because it is functional (Aff. Def. 8), lacks a secondary meaning (Aff. Def. 9), is not distinctive (Aff. Def. 9), is generic (Aff. Def. 10), or has been abandoned (Aff. Def. 11).

The other eight Affirmative Defenses, 1, 3, 4, 13, 14, 16, and 17, also notify GI as to Valken's view that GI acted with unclean hands (Aff. Def. 3); has no damages (Aff. Def. 16), but even if it did, it failed to mitigate its damages (Aff. Def. 4); has not suffered irreparable harm to warrant permanent injunctive relief (Aff. Def. 13); and it is not entitled to equitable relief because it has a remedy at law (Aff. Def. 14, 17). Valken's first affirmative defense – that GI's complaint fails to state viable a claim – may not be valid for a Fed. R. Civ. P. 12(b)(6) motion, but Rule 12(c), which applies the Rule 12(b)(6) standard, remains available to Valken, thus making its Affirmative Defense 1 proper.[3]

---

[2] See Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 218 (D.N.J. 1993) (explaining the equitable defense of acquiescence).

[3] A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe, 938 F.2d at 428.

In short, the Court does not find any of Valken's affirmative defenses to be "redundant, immaterial, impertinent, or scandalous" such that they must be stricken. If found to be true, any one of Valken's nineteen affirmative defenses could prevent GI's recovery on any one, or more, of GI's claims. Moreover, the Court does not find that GI has demonstrated how striking any of the affirmative defenses would save time and expense, or prevent GI from suffering prejudice.[4]

Consequently, for the foregoing reasons, GI's motion to strike Valken's affirmative defenses must be denied. An appropriate Order will be entered.


Date:   June 15, 2017             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[4] The Court does not express an opinion as to the ultimate validity of Valken's affirmative defenses, but notes that the Court's prior rulings in this case and the earlier action may implicate the law of the case doctrine as well as claim and issue preclusion principles.