```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

    GI SPORTZ, INC. and
    GI SPORTZ DIRECT, LLC,            1:16-cv-07170-NLH-KMW

            Plaintiffs,               **MEMORANDUM
                                      OPINION & ORDER**
        v.

    VALKEN, INC.,

            Defendant.

**APPEARANCES**:

JOHN M. HANAMIRIAN
HANAMIRIAN LAW FIRM PC
40 EAST MAIN STREET
MORRESTOWN, NJ 08057

    *On behalf of Plaintiffs*

ANTHONY J. DIMARINO, III
EMMETT STEPHAN COLLAZO
A.J. DIMARINO, III, PC
41 GROVE STREET
HADDONFIELD, NJ 08033

    *On behalf of Defendant*

**HILLMAN, District Judge**

WHEREAS, before the Court is the motion of Defendant, Valken, Inc., to consolidate three actions pending between Defendant and Plaintiff, GI Sportz, Inc. and GI Sportz Direct, LLC (hereinafter "GI"); and

WHEREAS, the Federal Civil Procedure Rule governing consolidation of cases provides:

a) Consolidation. If actions before the court involve a

common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); and

WHEREAS, Rule 42 supplements the Court's "inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80 (D.N.J. 1993) (citations and quotations omitted); and

WHEREAS, the mere existence of common issues does not automatically require consolidation, but rather the Court must balance such factors as the interest or efficiency and judicial economy gained through consolidation, against the delay or expense that might result from simultaneous disposition of separate actions, id.; and

WHEREAS, the actions Valken seeks to consolidate are:

1. This action, 1:16-cv-7170, which concerns Valken's alleged infringement of GI's registered trade dress associated with GI's Marballizer paintballs and a breach of a 2014 settlement agreement regarding those paintballs ("Marballizer case"); and

2. Action 1:17-cv-05040, which concerns GI's claims that Valken's "Code" branded paintball guns infringes three of GI's

2

patents and further infringes the trade dress of GI's Mini and Axe families of paintball markers ("Code case"); and

    3.   Action 1:17-cv-05590, which concerns GI's claims that Valken has infringed on GI's two patents for pneumatic assemblies for compressed gas operated paintball guns through Valken's V12 Airsoft Engine and compressed gas guns using the V12 Engine ("V12 case"); and

    WHEREAS, the Court is familiar with the claims, counterclaims, and issues involved in each of the three cases, and has considered the parties' arguments[1]; and

    WHEREAS, the Court finds that although the parties are the same in the three cases and all the matters generally present a dispute over paintballs and paintball guns, the discrete issues presented in each case are distinct and do not involve sufficient commonality to obtain the benefits of consolidation which are present when two or more cases involve common questions of law and facts; and

    WHEREAS, the Court further finds that the need for consolidation is reduced because the same magistrate judge – Judge Karen Williams - is assigned to all three cases, and Judge Williams has been efficiently and effectively managing the cases

---

[1] GI has opposed Valken's motion to consolidate.

without any delay; and

WHEREAS, the Court further finds that if the cases were consolidated, the procedural posture of one case could stall the rest:  In this Marballizer case, currently pending is an appeal of the magistrate judge's decision denying Valken's motion to amend its counterclaims, as well as Valken's request to extend discovery; the Code case is set for a Markman hearing on October 7, 2019; in the V12 case, the Court has already held a Markman hearing and has issued a claim construction Opinion, but GI now seeks to amend its infringement contentions, a motion relating to which was recently filed; and

WHEREAS, the differing procedural postures of the three cases and the disparate pending motions and issues to be resolved in each case demonstrate why consolidation would not result in a more efficient resolution of the cases;

THEREFORE,

IT IS on this ___30th___ day of ___August___, 2019

ORDERED that the MOTION to Consolidate Cases by VALKEN, INC. [96] be, and the same hereby is, DENIED.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.